Civil action to recover land. *Page 387 
The record on appeal, in so far as pertinent to decisive question presented, shows that:
In the trial court plaintiff offered evidence tending to show that the land in controversy in this action is the 24-acre tract allotted to Amanda Hardy in 1893 or '94 in the division of her father's land — the Martin Bonner land, acquired by him in January, 1875, less 9 2/3 acres representing the interest inherited by three of Amanda's children, including her son Ephriam Hardy upon her death in 1903, which was set apart to and sold and conveyed by them to William Henry Eborn — the remaining 14 1/3 acres being set apart to the other six children of Amanda Hardy; that this land had been in the actual possession of Amanda Hardy's children for more than thirty-seven years; that Ephriam Hardy, who had paid taxes on the whole tract, including the 9 2/3 acres, becoming paralyzed and confined to his bed, quit paying five or six years ago and the land was sold for taxes.
Plaintiff then offered in evidence for the purpose of attack (1) papers in a so-called tax foreclosure suit entitled "Beaufort County vs. Ephriam Hardy and Mrs. Ephriam Hardy," purporting to be (a) a summons in the name of the Clerk of the Superior Court with the name of the clerk stamped thereon with a rubber stamp, received by the tax collector 29 September, 1941, and served by him on Ephriam Hardy on 1 October, 1941, but not served upon defendant Georgia Anna Hardy, who after due diligence could not be found in Beaufort County, and (b) the complaint alleging that the taxes for 1939 amounting to $8.95 were unpaid on a tract of land containing 24 acres, known as the Ephriam Hardy land, and in which all the names were stamped by rubber stamp. And (2) a deed from W. A. Blount, Jr., Commissioner, to Beaufort County, reciting a consideration of $44.23 purporting or undertaking to convey the lands in controversy and reciting that it was made because of nonpayment of taxes.
Plaintiffs also offered in evidence deed from Beaufort County to J. T. Ellis and C. W. Ellis, dated 7 April, 1942, on consideration of $75, duly registered.
Defendants, having reserved exception to refusal of the court to grant their motion for judgment as of nonsuit at the close of plaintiff's evidence, offered oral testimony tending to show that prior to the tax sale W. A. Blount, Jr., tax collector of Beaufort County, gave notice to Ephriam Hardy that his taxes for the year 1939 in the amount of $9.95, and for year 1940 in the amount of $8.95, were delinquent.
Defendants then offered a book claiming that it was a tax foreclosure judgment docket, to which plaintiffs objected — declining to admit the authenticity of the book. Thereupon, defendants offered as a witness *Page 388 
N. Henry Moore, Clerk of the Superior Court, who testified as follows: "The paper which the counsel for defendants exhibited to me has stamped thereon at the bottom the name `N. Henry Moore.' I did not sign that paper; the name is stamped thereon by rubber stamp. I can't say who stamped my name to it. I don't know whether it was done in my office or outside of my office. Enormous quantities of these tax foreclosure suits were instituted. We were bringing 3,500 tax suits at one period. It was impossible for me to attend to and see about the entering of all the judgments. I understand that the Legislature authorized me to delegate to someone the right to enter judgments in cases of this kind (G.S., 105-394) and [delegated to the County Attorney, who is the attorney for defendants in this case, the power to enter judgments and to enter decrees of confirmation, using a rubber stamp with my name on it. I can't say whether I ever saw these papers or not. The law which I have referred to was passed because it was a physical impossibility for the clerk to consider each case and render a judgment and I acted for that reason. The book which has been referred to is a document in my office, designated as Tax Foreclosure Judgment No. 36. The papers with my name on them designated as judgment and decree of confirmation of the sale, were not signed by me, but my name was stamped thereon."
Whereupon, the court excluded the book offered in evidence, to which defendants excepted, rested, and renewed their motion for judgment as of nonsuit, which was overruled.
The defendants then requested the court to instruct the jury that they are the owners of the land in fee simple, and that the deed from Blount, Commissioner, to Beaufort County divested Ephriam Hardy and wife of all right, title and interest to property described in the complaint and that the judgment signed by N. Henry Moore, Clerk, is the judgment of the Superior Court, recorded in tax docket No. 36, page 101, and is a sufficient authorization of W. A. Blount, Jr., to sell the land described in the complaint. Instruction was refused and defendants except.
Thereupon, under peremptory instruction the jury answered the issue submitted finding that the plaintiffs, other than plaintiff Henry Eborn, are the owners of the land described in the complaint, except the 9 2/3 acres described in the deed from Ephriam Hardy to William Henry Eborn.
From judgment upon the verdict defendants appeal to Supreme Court, and assign error.
May the Clerk of the Superior Court, under provisions of G.S., 105-394, relating to the use and the authorization of the use of facsimile signatures in signing summons, complaints, verifications of pleadings, notices, judgments or other papers in tax foreclosure proceedings, delegate to another the authority to render judgments in such proceedings? This is the question decisive of this appeal, and must be answered in the negative.
"The rendering of a judgment is a judicial act, to be done by the court only," Hall, J., in Mathews v. Moore, 6 N.C. 181. "Judgments are the solemn determinations of judges upon subjects submitted to them," Hall, J., in Williams v. Woodhouse, 14 N.C. 257. "A judgment is not what may be entered, but it is what is considered and delivered by the court," Reade,J., in Davis v. Shaver, 61 N.C. 18. "In its ordinary acceptation, a judgment is the conclusion of the law upon facts admitted or in some way established, and, without this essential fact, the court is not in a position to make final decision on the rights of the parties," Sedbury v.Express Co., 164 N.C. 363, 79 S.E. 288.
These quotations are expressive of the accepted principles, and the course and practice in the courts of this State. Moreover, from a reading of the statute, G.S., 105-394, it is manifest that the General Assembly intended only to authorize the use, and the delegation of authority to use facsimile signatures to save labor and time in ministerial matters, and not to invest the clerk with authority to delegate to others the right to exercise the judicial functions of his office.
Applying these principles to the case in hand, defendants fail to show that the clerk made any determination on the subject of this action, or that any judgment was entered in accordance with the course and practice of the courts.
The purported judgment relied upon by defendants as muniment of title is subject to collateral attack in this action for the recovery of land.Powell v. Turpin, 224 N.C. 67, 29 S.E.2d 26, and cases cited.
Hence, in the judgment below we find
No error.