RONALD L. PURDY v. WALTER THOMAS BROWN

No. 243PA82

(Filed 3 November 1982)

**Costs § 3; Rules of Civil Procedure § 68— offer of judgment—exclusion of attorney's fees—recovery of less than offer—liability for attorney's fees after offer**

An offer of judgment for $5,001.00, together with all the costs accrued "except any attorneys' fees," complied with the requirements for a valid offer under G.S. 1A-1, Rule 68, since attorney's fees were not part of the "costs then accrued" when defendant made his offer to plaintiff because defendant's offer was beyond the $5,000 limitation of G.S. 6-21.1 and attorney's fees could not properly have been taxed against defendant at that time. Therefore, where plaintiff's recovery at trial was only $3,500.00, plaintiff had to bear the costs incurred after the offer of judgment was made, including expert witness fees and attorney's fees incurred after the offer of judgment. However, the trial court did have the discretion under G.S. 6-21.1 to order defendant to pay the attorney's fees incurred by plaintiff prior to the date the offer was made.

ON discretionary review, pursuant to G.S. 7A-31, of the decision of the Court of Appeals, 56 N.C. App. 792, 290 S.E. 2d 397 (1982), affirming an award of attorney's fees and expert witness fees to plaintiff Ronald L. Purdy.

On 25 April 1979, plaintiff filed a complaint alleging that he had suffered severe and permanent injuries on 14 October 1978 as a result of defendant's negligence in colliding with an automobile in which plaintiff was a passenger. Plaintiff prayed for the recovery of $2,514.35 for medical expenses, lost wages of $381.25 per week from the time of the collision until final adjudication of the claim, $150,000 for permanent injuries and mental and physical suffering, both past and future, court costs, and $150,000 in punitive damages.

Defendant filed an answer to plaintiff's complaint on 24 May 1979. Three months later, on 29 August 1979, defendant filed and

served on plaintiff an offer of judgment pursuant to G.S. 1A-1, Rule 68, Rules of Civil Procedure. Defendant offered to allow judgment to be taken against him "for the sum of $5,001.00, together with the costs, *except any attorneys' fees*, accrued at the time the offer is filed." (Emphasis added.) Plaintiff did not respond to the offer.

The case was tried during the week of 15 June 1981. Defendant stipulated negligence, thus, the only issue presented to the jury concerned the amount of damages to be awarded plaintiff. The jury returned a verdict of $3,500.

Prior to the entry of judgment, plaintiff filed a motion for attorney's fees as part of the court costs, citing G.S. 6-21.1. On 18 June 1981, Judge Collier granted this motion and awarded plaintiff $1,200 in attorney's fees. Judge Collier also ordered defendant to pay, as part of the costs, expert witness fees to four medical witnesses testifying for plaintiff.

The Court of Appeals (Whichard, J., with Webb, J., and Wells, J., concurring) affirmed the orders allowing attorney's fees and expert witness fees. On 13 July 1982, we allowed defendant's petition for discretionary review.

*Marquis D. Street for plaintiff-appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Robert A. Wicker, for defendant-appellant.*

BRANCH, Chief Justice.

The issue dispositive of this appeal is whether an offer of judgment for $5,001, together with all costs accrued *except attorneys' fees*, complies with the requirements for a valid offer under Rule 68 of the Rules of Civil Procedure.

Rule 68 provides, in pertinent part, that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, *with costs then accrued.*" G.S. 1A-1, Rule 68. (Emphasis added.) The Rule further provides that if the offer is not timely accepted and the judgment finally obtained is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The Court of Appeals held that defendant's offer was ineffective because it did not include all "costs then accrued." The court noted that the jury's award to plaintiff was only $3,500. By statute, the presiding judge may, in a personal injury suit where the judgment is $5,000 or less, allow a reasonable attorney's fee to the party obtaining the judgment, "to be taxed as a part of the court costs."[1] G.S. 6-21.1. Since an attorney's fee allowed in such actions is a part of the costs, Judge Whichard reasoned that a fee for an attorney's services rendered up to the time the Rule 68 offer is extended is a part of the "costs then accrued" within the meaning of the Rule. Defendant's tender of judgment excluding attorney's fees was thus considered to be fatally defective and ineffective to terminate plaintiff's entitlement to any attorney's fees which the court might allow. Because his offer was invalid, the Court of Appeals concluded defendant was not entitled to the protections provided by the Rule regarding assessment of costs even though the amount plaintiff recovered was in fact less than the offer.

In reaching this conclusion, the Court of Appeals relied upon *Scheriff v. Beck*, 452 F. Supp. 1254 (D. Colo. 1978). In *Scheriff* the United States District Court for the State of Colorado held that an offer of judgment excluding attorney's fees then accrued was fatally defective. The court stated: "Rule 68 does not permit an offeror to choose which accrued costs he is willing to pay." *Id.* at 1260.

We find the Court of Appeals' reliance on *Scheriff* misplaced and disagree with its conclusion that defendant's offer failed to comport with the requirements of Rule 68.

In *Scheriff*, the plaintiff brought a § 1983 civil rights action against the defendant. The defendant served on the plaintiff an offer of judgment "in the amount of $2,200 together with costs, not including attorney's fees, incurred to date." *Id.* at 1259. The plaintiff did not accept the offer and eventually recovered only $500.

---

1. The purpose of this statute is "to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim." *Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E. 2d 40, 42 (1973).

The Court of Appeals is correct in saying that the court in *Scheriff* held defendant's offer invalid because of the language attempting to exclude attorney's fees otherwise available in a civil rights action. The statute under which attorney's fees are awarded in a § 1983 action, however, is clearly distinguishable from G.S. 6-21.1. The 1976 amendment to 42 U.S.C. § 1988 (the Civil Rights Attorney's Fees Awards Act of 1976) provides in relevant part: "In any action or proceeding to enforce a provision of sections [42 U.S.C. §§ 1981-1983, 1985, 1986] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Thus, if the plaintiff had accepted the defendant's offer, clearly he would have been entitled to an award of attorney's fees, in the judge's discretion, had judgment been entered for the amount offered. There is *no* statutory dollar limitation as is incorporated in our statute. The attorney's fee in *Scheriff* was available under the *substantive law* involved, regardless of the amount ultimately obtained by the plaintiff. *See Coleman v. McLaren*, 92 F.R.D. 754, 757 (N.D. Ill. 1981) (distinguishes awards of attorney's fees in Title VII actions in this way). We agree with *Scheriff* to the extent that it holds attorney's fees under § 1988 are "costs then accrued" within the meaning of that phrase as it is used in Rule 68.

The cases we have found following the *Scheriff* rule also involve actions in which the trial judge had the statutory authority to award attorney's fees to the prevailing party regardless of the amount involved. *See, e.g., Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed. 2d 287 (1981) (Title VII action, statute entitles prevailing party, in court's discretion, to "a reasonable attorney's fee as part of the costs" 42 U.S.C. § 2000e-5(k); *Coop v. City of South Bend*, 635 F. 2d 652 (7th Cir. 1980) (award of attorney's fees under 42 U.S.C. § 1988); *Waters v. Heublein*, 485 F. Supp. 110 (N.D. Cal. 1979) (Title VII).

In this case, we reach the conclusion that attorney's fees were not part of the "costs then accrued" when defendant made his offer to plaintiff because attorney's fees could not properly have been taxed against defendant at that time.[2] In determining

---

2. We are aware of our decision in *Hicks v. Albertson*, 284 N.C. 236, 200 S.E. 2d 40 (1973). In that case, defendant made an offer "to allow judgment to be taken

Purdy v. Brown

the "costs then accrued," we must consider the relative positions of the parties as they existed at the time the offer was made.

In instant case, plaintiff sought to recover $300,000 for injuries sustained as a result of defendant's negligence. Defendant offered plaintiff $5,001, including costs accrued, with the exception of attorney's fees. At the time defendant tendered this offer to plaintiff, G.S. 6-21.1 was not applicable because the situation did not *then* involve a judgment for $5,000 or less. The mere fact that nearly two years later a judgment is obtained for less than $5,000 should have no bearing whatsoever on the costs accrued *at the time the offer was made.* Since defendant's offer exceeded $5,000, had judgment been entered in that amount pursuant to the offer, there would have been no discretion on the part of the trial judge to award an attorney's fee, *even if* defendant had not inserted this language excluding them. We have hereinabove held

---

against him . . . for the sum of $150.00 plus the costs accrued to the date of this offer." Within the time allowed by Rule 68, plaintiff served a notice of acceptance of this offer but added language to the effect that the costs accrued to the date of the offer would include a reasonable attorney's fee pursuant to G.S. 6-21.1. The clerk entered judgment for the plaintiff for $150, including costs, and the trial judge awarded plaintiff $75 in attorney's fees. In this Court, the defendant argued that the alleged acceptance was in fact a counter-offer because of the additional language providing for an attorney's fee. We responded to defendant's argument in the following manner:

> The acceptance of this offer of judgment by the plaintiff proceeded from a reasonable interpretation by the plaintiff of the defendant's offer. If this was not the interpretation intended by the defendant, the misunderstanding is due to ambiguous language used by the defendant in making his offer and the defendant must bear any loss resulting therefrom. (Citations omitted.) . . .

> Rule 68(a) of the Rules of Civil Procedure provides for the making of an offer of judgment in a specified amount "with costs then accrued." Since the attorney's fee, when allowed, is "a part of the court costs" and the fee allowed was for services rendered prior to the date of the offer, we find nothing in Rule 68(a) which supports the position of the defendant.

*Id.* at 241, 200 S.E. 2d at 43.

We find *Hicks* distinguishable from instant case. In *Hicks*, defendant's offer was for $150, an amount within the statutory limitations of G.S. 6-21.1. Thus, when judgment was entered pursuant to the offer, attorney's fees were clearly available in the trial judge's discretion.

In instant case, defendant's offer was beyond the limitation of G.S. 6-21.1. Attorney's fees could not have been "costs accrued" at the time the offer was made because attorney's fees were not statutorily permissible at that time.

that G.S. 6-21.1 did not apply at the time the offer was made, and we find no other statute permitting the trial judge to award attorney's fees to the prevailing party in a personal injury action. We therefore do not agree with the Court of Appeals' reasoning that defendant's offer was invalid because it excluded attorney's fees.

We hold that defendant's offer of judgment complied with Rule 68 because attorney's fees were not part of the "costs *then* accrued."

Having determined that defendant's offer was effective, we conclude that defendant is entitled to the protections afforded him under Rule 68 when the plaintiff's recovery is not more favorable than the offer. Defendant's offer here was for $5,001, but plaintiff only received $3,500 from the jury. The Rule provides that in this situation, plaintiff must bear the costs incurred after the offer of judgment was made.

The trial judge, however, ordered defendant to pay $1,200 in attorney's fees and $325 in expert witness fees. An expert witness fee may not be awarded unless the witness is subpoenaed and testifies at trial. *Couch v. Couch*, 18 N.C. App. 108, 196 S.E. 2d 64 (1973); *State v. Johnson*, 282 N.C. 1, 191 S.E. 2d 641 (1972). The expert witness fees were incurred after the offer was made and therefore defendant was improperly ordered to pay them.

Similarly, any attorney's fees which were incurred after the offer of judgment was made must be borne by the plaintiff. The trial judge did not have the authority to award $1,200 in attorney's fees because that amount undoubtedly included fees incurred after the time of the offer.

We agree with plaintiff's argument that he is entitled to recover from defendant the attorney's fees which were incurred prior to the time the offer of judgment was made. The Rule 68 sanctions only provide protection against the costs incurred *after* the offer has been made. Since plaintiff's recovery was less than $5,000, the trial judge retained the authority under G.S. 6-21.1 to award an attorney's fee for that portion of time not excluded under Rule 68.

We therefore hold that it remained within the trial judge's discretion to order defendant to pay the attorney's fees incurred

by plaintiff prior to 29 August 1979, the date the offer was made. We further hold that any other costs incurred by plaintiff prior to the time the offer was made may be properly taxed to defendant.

This cause is remanded to the Court of Appeals with directions to remand to the Superior Court of Guilford County for proceedings consistent with this opinion.

Reversed and remanded.