NATHANIA T. POOLE, Plaintiff v. GENEANE RENEE MILLER, Defendant

No. 9314SC947

(Filed 20 September 1994)

**Judgments § 115 (NCI4th)— offer of judgment higher than jury verdict—award of costs to plaintiff error**

Where defendant tendered an offer of judgment of $6,000.00, and the jury awarded plaintiff $5,721.73, the "judgment finally obtained" was the jury verdict, not the jury verdict plus prejudgment interest; therefore, the trial court erred in awarding plaintiff court costs, including attorney's fees, expert witness fees, and interest, all incurred by plaintiff subsequent to defendant's offer

POOLE v. MILLER

[116 N.C. App. 435 (1994)]

of judgment, and the court erred in denying defendant's motion to tax costs incurred after the making of the offer to the plaintiff.

**Am Jur 2d, Costs §§ 23, 24.**

Appeal by defendant from order entered 12 July 1993 by Judge Henry W. Hight, Jr., in Durham County Superior Court. Heard in the Court of Appeals 11 May 1994.

*Michaels Jones Martin & Parris Law Offices, P.A., by E. Spencer Parris, for plaintiff appellee.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by John J. Padilla, for defendant appellant.*

COZORT, Judge.

Plaintiff sued defendant alleging defendant's negligence damaged plaintiff in an automobile collision. Defendant filed an answer denying negligence. After initial discovery was conducted, defendant tendered an Offer of Judgment of $6,000.00 to plaintiff, pursuant to Rule 68 of the North Carolina Rules of Civil Procedure. Plaintiff refused the offer of judgment, and the case was tried in Durham County before Judge Henry W. Hight, Jr., on 24 May 1993. The jury rendered a verdict against defendant for $5,721.73. After trial and prior to judgment being entered, plaintiff filed a motion for attorney's fees and submitted a bill of costs to be paid by defendant, which included in part, attorney's fees, expert witness fees incurred after the filing of the offer, and interest from the date of the filing of the complaint. Defendant filed a motion to tax costs to plaintiff. Judge Hight granted plaintiff's motion for attorney's fees in the amount of $2,000.00 to be taxed against defendant, which sum included a portion of attorney's fees incurred by plaintiff subsequent to defendant's Offer of Judgment. The court denied defendant's motion to tax costs to plaintiff on the grounds that the final judgment obtained by plaintiff was greater than the amount offered by defendant under Rule 68.

Judge Hight subsequently signed a Judgment on 15 June 1993 assessing $9,058.21 against defendant. That sum included the jury's verdict of $5,721.73 and the taxing of $3,336.48 in costs and interest against defendant. Defendant appeals from the order granting plaintiff's motion for attorney's fees and denying defendant's motion to tax costs to plaintiff, and from entry of the final judgment and bill of costs entered on 12 July 1993.

POOLE v. MILLER

[116 N.C. App. 435 (1994)]

Defendant contends that the trial court erred in (1) entering an order and judgment awarding plaintiff court costs, including attorney's fees, expert witness fees and interest incurred by plaintiff subsequent to defendant's offer of judgment; and (2) denying defendant's motion to tax costs to plaintiff. We agree and reverse.

Rule 68 of the North Carolina Rules of Civil Procedure provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . . If the *judgment finally obtained* by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C. Gen. Stat. § 1A-1, Rule 68(a) (1990) (emphasis added). Defendant argues that "judgment finally obtained" means the jury verdict, without costs, attorney's fees, expert fees, and interest incurred after defendant's offer of judgment. Since the jury verdict of $5,721.75 was less than defendant's offer of judgment for $6,000.00, defendant contends that the trial court should not have awarded plaintiff any costs incurred after defendant's offer and that the trial court was required to grant defendant's motion for costs incurred after the making of the offer. Because we find that "final judgment" under Rule 68 means the jury verdict, we reverse that portion of the judgment which awards plaintiff costs incurred after defendant's offer and the trial court's denial of defendant's motion to tax costs to plaintiff.

This case is controlled by *Purdy v. Brown*, 307 N.C. 93, 296 S.E.2d 459 (1982). In *Brown*, defendant filed an offer of judgment pursuant to Rule 68 to allow judgment to be taken against him for the sum of $5,001.00, including costs accrued, except attorney's fees. *Id.* at 97, 296 S.E.2d at 462. Plaintiff received only $3,500.00 from the jury, but the trial court nonetheless ordered defendant to pay $1,200.00 in attorney's fees and $325.00 in expert witness fees. *Id.* at 98, 296 S.E.2d at 463. The Supreme Court concluded that plaintiff was required to bear the costs incurred after the offer of judgment was made because the plaintiff's recovery of $3,500.00 was not more favorable than the offer. The Court thus held that the expert witness fees and attorney's fees which were incurred after the offer of judgment was made must be borne by the plaintiff. Since "Rule 68 sanctions only provide protection against the costs incurred *after* the offer has been made[,]" the Court further held that it remained within the trial judge's discre-

tion under Rule 6-21.1 to award an attorney's fee for that portion of time not excluded under Rule 68. *Id.*

Thus, pursuant to Rule 68 the "judgment finally obtained" in the instant case was the jury verdict of $5,721.73. Since this was less than defendant's offer of judgment, under Rule 68, attorney's fees, expert fees, and interest incurred after the offer on 13 April 1992 should have been borne by plaintiff. We thus hold that the trial court erred in awarding plaintiff court costs, including attorney's fees, expert witness fees and interest, all incurred by plaintiff subsequent to defendant's offer of judgment. Since Rule 68 requires the trial court to tax the costs incurred by defendant after the making of the offer to the plaintiff where the final judgment is less than the offer of judgment, we further hold that the trial court erred in denying defendant's motion to tax costs incurred after the making of the offer to the plaintiff. In *Waters v. Heublein, Inc.*, 485 F. Supp. 110, 113 (1979), the court held: "If the offer of judgment exceeds the 'judgment finally obtained by the offeree' then the offeree, even if the prevailing party, must pay the offeror's costs incurred after the offer and is precluded from recovering its own costs for that time." We find that reasoning persuasive and adopt it.

Plaintiff argues that prejudgment interest is part of the final judgment and thus the trial court did not err in awarding interest on the jury verdict incurred after defendant's offer of judgment. Plaintiff cites N.C. Gen. Stat. § 24-5(b) (1991), and *Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 430 S.E.2d 895 (1993), for support. Plaintiff's argument fails. Under *Purdy v. Brown*, final judgment is the jury verdict; it does not include costs such as expert witness fees, attorney's fees, and interest incurred after the offer of judgment. *Brown*, 307 N.C. at 98, 296 S.E.2d at 463. Moreover, N.C. Gen. Stat. § 24-5(b), which states "[i]n an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied" indicates that interest is separate from, and not part of, the judgment. In *Baxley*, the Court held that prejudgment interest is an element of damages and thus plaintiff-insured was entitled to recover prejudgment interest on a judgment in a negligence case under a UIM contract that provided coverage to plaintiff insured for all the "damages" awarded to her. *Baxley*, 334 N.C. at 7-8, 430 S.E.2d at 899-900. *Baxley* was not a Rule 68 case, and its holding does not effect the interpretation of "final judgment."

The portion of the judgment awarding plaintiff costs incurred after the making of the offer and the trial court's denial of defendant's motion to tax costs incurred after the offer to plaintiff is reversed. The case is remanded for entry of judgment consistent with this opinion.

Reversed and remanded.

Judges ORR and MARTIN concur.