NATHANIA T. POOLE v. GENEANE RENEE MILLER

No. 525PA94

(Filed 8 December 1995)

### Judgments § 115 (NCI4th)— award of costs—judgment defined

Plaintiff was not required to bear the costs incurred after the date an offer of judgment was tendered under N.C.G.S. § 1A-1, Rule 68 in an action arising from an automobile collision where defendant tendered an offer of judgment for $6,000 together with costs accrued; plaintiff and defendant agree that as of the date of the offer $420.03 had been incurred in prejudgment interest as well as $401.40 in costs, so that the offer of judgment equaled $6,821.43; the jury returned a verdict of $5,721.73; and the judgment entered, which included post-offer costs, totalled $9,058.21. Rule 68 provides that an offeree who does not accept an offer of judgment must bear the costs incurred from the date of the offer when the "judgment finally obtained" is not more favorable than the amount of the offer, but does not define "judgment." While the word "verdict" means the decision of the jury, "judgment" means the final decision of the court, and it is plain that only a court and not a jury renders a judgment. "Verdict" does not appear in Rule 68 and the inclusion of the words "finally obtained" is another signal that the legislature intended "judgment finally obtained" to mean more than the amount awarded by the jury since a final judgment is often not entered in the exact amount of the jury's verdict.

**Am Jur 2d, Costs §§ 90 et seq.**

Justice PARKER dissenting.

Justice WHICHARD joins in this dissenting opinion.

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 116 N.C. App. 435, 448 S.E.2d 123 (1994), reversing a portion of the judgment in favor of plaintiff and reversing the order denying defendant's motion to tax costs against plaintiff entered by Hight, J., on 15 June 1993 in Superior Court, Durham County, and filed 12 July 1993. Heard in the Supreme Court 14 September 1995.

**POOLE v. MILLER**

[342 N.C. 349 (1995)]

*Michaels Jones Martin & Parris Law Offices, P.A., by E. Spencer Parris, for plaintiff-appellant.*

*Haywood, Denny & Miller, L.L.P., by George W. Miller, Jr. and John J. Padilla, for defendant-appellee.*

LAKE, Justice.

Plaintiff filed a complaint alleging she was damaged by defendant's negligence in an automobile collision. Defendant answered denying negligence. On 13 April 1992, defendant tendered to plaintiff an offer of judgment in the amount of $6,000, together with costs accrued, pursuant to the provisions of Rule 68 of the North Carolina Rules of Civil Procedure, which offer plaintiff failed to accept. The case proceeded to trial before a jury, Judge Henry W. Hight, Jr., presiding, during the 24 May 1993 Civil Session of Superior Court, Durham County. The jury returned a verdict against defendant and awarded plaintiff the sum of $5,721.73. Prior to the entering of judgment, plaintiff filed a motion for reasonable attorney's fees, portions of which were incurred after the offer of judgment was tendered, pursuant to N.C.G.S. § 6-21.1. Plaintiff also submitted a bill of costs to be paid by defendant, which included the attorney's fees as well as expert witness's fees incurred after the filing of the offer of judgment and interest from the date of the filing of the complaint. Defendant contended in opposition to the award of attorney's fees that the jury verdict was less than the offer of judgment, and thus, plaintiff was precluded under Rule 68 from recovering costs incurred after the offer of judgment. Defendant also moved to tax costs against plaintiff.

The trial court made findings of fact, including that plaintiff's counsel charged an hourly rate of $100 and had recorded at least twenty hours of billable time. The trial court further found as fact that an attorney's fee of $2,000 was reasonable and fair. The trial court then concluded as a matter of law that "judgment finally obtained" under Rule 68 meant the judgment obtained, not the amount of the jury verdict. The judgment obtained in this case, which included interest and costs, amounted to more than defendant's $6,000 offer of judgment. Thus, the trial court granted plaintiff's motion for reasonable attorney's fees in the amount of $2,000 and denied defendant's motion to tax costs against plaintiff. The trial court then entered judgment in favor of plaintiff for the sum of $9,058.21, which sum was composed of the jury's verdict of $5,721.73 and the taxing of $3,336.48

**POOLE v. MILLER**

[342 N.C. 349 (1995)]

in costs and interest against defendant, portions of which were incurred after the tendered offer of judgment.

Defendant appealed to the Court of Appeals from the order granting plaintiff's motion for attorney's fees and denying defendant's motion to tax costs to plaintiff and from the entry of the final judgment and bill of costs. The Court of Appeals determined that this case was controlled by this Court's decision in *Purdy v. Brown*, 307 N.C. 93, 296 S.E.2d 459 (1982), and found that final judgment under Rule 68 was equivalent to the jury's verdict. *See Poole v. Miller*, 116 N.C. App. 435, 437, 448 S.E.2d 123, 124 (1994). The Court of Appeals then reasoned that because "judgment finally obtained" under Rule 68 should be construed as the jury's verdict of $5,721.73, which was less than defendant's offer of judgment for $6,000, Rule 68 required all of the court costs, attorney's fees, expert witness's fees and interest incurred after the date the offer of judgment was made to be borne by plaintiff. *Id.* at 438, 448 S.E.2d at 125. Thus, the Court of Appeals unanimously reversed that portion of the judgment awarding plaintiff the costs incurred after defendant tendered an offer of judgment and the trial court's denial of defendant's motion to tax costs against plaintiff. This Court granted plaintiff's petition for discretionary review on 29 December 1994. For the reasons discussed herein, we reverse the Court of Appeals.

The issue presented for resolution is whether the Court of Appeals erred in concluding that "judgment finally obtained" under Rule 68 means the jury's verdict. Plaintiff argues that the Court of Appeals' decision to equate "judgment finally obtained" with the jury's verdict ignores the plain meaning of the words chosen by the legislature and employed in Rule 68. We agree with plaintiff's contention in this regard.

In resolving issues of statutory construction, this Court must first ascertain legislative intent to assure that both the purpose and the intent of the legislation are carried out. *Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 403 S.E.2d 291 (1991). In undertaking this task, we look first to the language of the statute itself. *Id.* at 656, 403 S.E.2d at 294. When language used in the statute is clear and unambiguous, this Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 232 S.E.2d 184 (1977). Bearing these well-established principles in mind, we note that Rule 68, in pertinent part, provides:

POOLE v. MILLER

[342 N.C. 349 (1995)]

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . . If the *judgment finally obtained* by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C.G.S. § 1A-1, Rule 68(a) (1990) (emphasis added). Thus, an offeree who does not accept an offer of judgment must bear those costs incurred from the date the offer of judgment was tendered only when the "judgment finally obtained" is not more favorable than the amount of the offer.

The word "judgment" is undefined in Rule 68. As this word is unambiguous, we shall accord it its plain meaning. Judgment means "[t]he final decision of the *court* resolving the dispute and determining the rights and obligations of the parties," and "[t]he law's last word in a judicial controversy." *Black's Law Dictionary* 841-42 (6th ed. 1990) (emphasis added). Further, this Court has stated before that " '[t]he rendering of a judgment is a judicial act, *to be done by the court only.*' " *Eborn v. Ellis*, 225 N.C. 386, 389, 35 S.E.2d 238, 240 (1945) (emphasis added) (quoting *Mathews v. Moore*, 6 N.C. 181, 182 (1812)). In contrast, the word "verdict" means "[t]he formal decision or finding made by a *jury*." *Black's Law Dictionary* 1559 (emphasis added). Thus, it is plain that only a court, and not a jury, renders a judgment. Accordingly, we are of the view that within the strictures of Rule 68, "judgment finally obtained" does not mean a jury's verdict.

Another strong indication that the legislature did not intend "judgment finally obtained" to mean the jury's verdict is the fact that the word "verdict" does not appear in Rule 68. We must assume that had the legislature chosen to equate "judgment finally obtained" with the jury's verdict, it would have done so within the confines of the rule. Further, the inclusion by the legislature of the words "finally obtained" to modify "judgment" we interpret as another signal that the legislature intended for "judgment finally obtained" to mean more than the amount awarded by the jury. *See Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981) ("It is presumed that the legislature intended each portion [of a statute] to be given full effect and did not intend any provision to be mere surplusage"). Often, as is the case here, a final judgment is not entered in

**POOLE v. MILLER**

[342 N.C. 349 (1995)]

the exact amount of the jury's verdict. Rather, the verdict amount is modified to reflect applicable adjustments. It is this final resulting sum which is then entered by the court to stand as the final judgment in the particular case. Thus, we construe the legislature's choice of the phrase "judgment finally obtained" as indicative of the legislature's intent that it is the amount ultimately and *finally* obtained by the plaintiff from the court which serves as the measuring stick for purposes of Rule 68. For these reasons, we conclude that, within the confines of Rule 68, "judgment finally obtained" means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by any applicable adjustments, by the respective court in the particular controversy, not simply the amount of the jury's verdict.

Plaintiff further contends that in addition to disregarding the plain meaning of Rule 68, the Court of Appeals inappropriately relied upon this Court's decision in *Purdy v. Brown*, 307 N.C. 93, 296 S.E.2d 459. We agree.

In *Purdy*, the defendant made an offer of judgment for the amount of $5,001, together with costs accrued, except attorney's fees. The plaintiff did not respond to the offer, and the case went to trial. The jury returned a verdict awarding plaintiff only $3,500, but the trial court ordered defendant to shoulder $1,200 in plaintiff's reasonable attorney's fees and $325 in expert witness's fees. *Id.* at 98, 296 S.E.2d at 463. This Court held that because defendant's offer of judgment in the amount of $5,001 was in excess of the jury's verdict of $3,500, and therefore not more favorable than the offer of judgment, the defendant was entitled to the protections afforded him by Rule 68. Accordingly, under Rule 68, plaintiff properly bore the burden of costs incurred after the date the offer of judgment was made. *Id.* The Court of Appeals, in the instant case, used this reasoning as support for its determination that "judgment finally obtained" meant the jury's verdict. *See Poole*, 116 N.C. App. at 437-38, 448 S.E.2d at 124-25.

In the case *sub judice*, plaintiff argues the Court of Appeals erred by relying upon our decision in *Purdy* because *Purdy* did not specifically address the issue currently presented: whether "judgment finally obtained" pursuant to Rule 68 is equivalent to the jury's verdict. We agree with plaintiff's contention in this regard. As noted in our opinion in *Purdy*, the issue to be resolved by the Court in that case was "whether an offer of judgment for $5,001, together with all

costs accrued *except attorney's fees*, complies with the requirements for a valid offer under Rule 68 of the Rules of Civil Procedure." *Purdy*, 307 N.C. at 94, 296 S.E.2d at 461. More specifically, the Court determined that while Rule 68 allows a party defending a claim to make an offer of judgment "with costs then accrued," the defendant's particular offer of judgment, which excluded attorney's fees, was not fatally defective because it sought to exclude certain "costs then accrued." The Court reached this decision by concluding "that attorney's fees were not part of the 'costs then accrued' when defendant made his offer to plaintiff because attorney's fees could not properly have been taxed against defendant at that time." *Id.* at 96, 296 S.E.2d at 462. Thus, this Court in *Purdy* was not confronted, as we are here, with an explicit issue of statutory construction regarding the meaning of "judgment finally obtained" pursuant to Rule 68. Accordingly, the Court of Appeals' reliance upon *Purdy* in this instance was misplaced.

Having determined that "judgment finally obtained" for purposes of Rule 68 is the final judgment entered by the court, we turn to application in the present case. As stated above, defendant tendered a valid offer of judgment pursuant to Rule 68 for $6,000, together with costs accrued, which offer plaintiff failed to accept. The case proceeded to trial, and the jury returned a verdict in favor of plaintiff for $5,721.73. The trial court granted plaintiff's motion for recovery of reasonable attorney's fees in the amount of $2,000 and additionally taxed as costs against defendant filing and service fees, expert witness's fees and interest from the date of filing. Final judgment was then entered in plaintiff's favor for the sum of $9,058.21, portions of which reflect costs accrued after the offer of judgment. The "judgment finally obtained" then, in this case, is the final judgment of $9,058.21 entered by the trial court. It is this sum, pursuant to the dictates of Rule 68, which must be compared to the amount of the offer of judgment to determine whether plaintiff is required to pay the costs incurred after the date the offer of judgment was tendered.

Defendant's offer of judgment tendered on 13 April 1992 was for "the amount of $6,000 together with cost[s] accrued." Obviously, costs then accrued refers to those costs which had accumulated as of the date the offer was made to plaintiff. 2 G. Gray Wilson, *North Carolina Civil Procedure* § 68-2, at 456 (1989). Accordingly, we shall adjust the offer in order to make a more accurate comparison of the "judgment finally obtained" with the offer of judgment. Both plaintiff and defendant agree in their briefs on this point that as of the date of

**POOLE v. MILLER**

[342 N.C. 349 (1995)]

the offer of judgment, $420.03 had been incurred in prejudgment interest as well as $401.40 in costs, amounting to a total of $821.43 of costs then accrued. Thus, the total offer of judgment equals $6,821.43. The "judgment finally obtained" by plaintiff in this matter was $9,058.21, which is more favorable than the $6,821.43 offer of judgment. Pursuant to Rule 68, because the plaintiff's "judgment finally obtained" was more favorable than the offer of judgment, plaintiff was not required to shoulder those costs incurred after the date the offer of judgment was tendered. We therefore conclude the Court of Appeals erred in reversing that portion of the judgment awarding plaintiff costs incurred after 13 April 1992 and the trial court's denial of defendant's motion to tax costs against plaintiff.

For the reasons stated herein, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to the Superior Court, Durham County, for entry of judgment consistent with this opinion.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.

Justice PARKER dissenting.

I respectfully dissent from the majority opinion. Rule 68(a) of the North Carolina Rules of Civil Procedure provides: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." N.C.G.S. § 1A-1, Rule 68(a) (1990). In this case defendant, more than a year before trial, made an offer of judgment "in the amount of $6,000.00 together with cost accrued."

While I agree with the majority that "judgment finally obtained" does not mean "the verdict" obtained, the majority's construction of the Rule, in my view, undermines the intent of the legislature in adopting Rule 68(a). The objective of the Rule is to encourage settlements.

Rule 68(a) of the North Carolina Rules of Civil Procedure in relevant part is almost identical to Rule 68 of the Federal Rules of Civil Procedure. Although this Court is not bound in deciding the proper interpretation of the North Carolina rules by federal court decisions interpreting the federal rules, we may look to federal court decisions

for guidance. *See Turner v. Duke University*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989). In the present case *Marryshow v. Flynn*, 986 F.2d 689 (4th Cir. 1993) is instructive. In *Marryshow* the defendants made an offer of judgment "for a total sum, to include all costs now accrued and attorney's fees, of $20,000." *Id.* at 691. Although *Marryshow* deals with a lump sum offer, this factual difference is immaterial to the methodology adopted for comparing the judgment finally obtained with the offer of judgment to determine if the judgment finally obtained is more favorable. In *Marryshow* the court stated:

> Rule 68 requires that a comparison be made between an offer of judgment that includes "costs then accrued" and the "judgment finally obtained." . . . To make a proper comparison between the offer of judgment and the judgment obtained when determining, for Rule 68 purposes, which is the more favorable, like "judgments" must be evaluated. Because the offer includes costs then accrued, to determine whether the judgment obtained is "more favorable," as the rule requires, the judgment must be defined on the same basis—verdict plus costs incurred as of the time of the offer of judgment. The post-offer costs—the very costs at issue by virtue of the rule's application—should not, however, also be included in the comparison and thereby become the vehicle to defeat the rule's purpose.

*Id.* at 692.

Applying this analysis where the offeror has, as defendant did in the present case, made an offer of a sum certain together with costs accrued, the trial court would add the costs accrued at the time of the offer of judgment to the amount of the verdict to determine whether the judgment finally obtained is more favorable than the offer of judgment.

Based on the figures conceded by plaintiff in her brief, this analysis shows the following comparison. The total offer of judgment was $6,000 plus accrued costs consisting of $61.00 filing and service fees, $340.40 attorney's fees, and $420.03 pre-judgment interest or $6,821.43; after trial the jury verdict was $5,721.73 which added to the costs accrued at the time of the offer, $821.43, is $6,543.16. The final judgment which included both pre-offer and post-offer costs was $9,058.21. As this case illustrates, post-offer costs not infrequently are greater than the costs accrued at the time of the offer of judgment. Hence, using the $9,058.21 figure for comparison with the offer to

determine if the judgment finally obtained was more favorable permits post-offer costs to defeat the Rule's purpose.

The majority appears to read Rule 68(a) to require the judgment finally obtained to be "greater than" the offer of judgment to avoid post-offer costs shifting. The language of the Rule, however, requires the judgment finally obtained to be more favorable than the offer of judgment to avoid post-offer costs shifting. In this case, the judgment finally obtained after trial was not more favorable for plaintiff. The dollar amount of the judgment finally obtained was greater than the offer, but the difference was entirely attributable to post-offer costs.

For the foregoing reasons, I vote to affirm.

Justice Whichard joins in this dissenting opinion.