THE NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF MEDICAL ASSISTANCE, Plaintiff v AREANDA WEAVER, THAD A. THRONEBURG, and CAUDLE & SPEARS, P.A., a North Carolina Corporation, Defendants

No. COA94-1426

(Filed 6 February 1996)

**Social Services and Public Welfare § 27 (NCI4th)— "medicaid lien"—one-third as attorney's fees—statutory authority**

There was no merit to plaintiff's contention that N.C.G.S. § 108A-57 limits attorney's fees for private attorneys recovering from a third party on behalf of a medicaid beneficiary to one-third of the gross recovery, since the plain language of the statute does not provide that the State is subrogated to all rights of recovery to the extent of *all* money a medical assistance beneficiary received, but provides only that the State is subrogated to all rights of recovery of the beneficiary of medical assistance "to the extent of *payments* under this Part"; therefore, defendant law firm lawfully took one-third of a "medicaid lien" as part of its attorney's fee because the statute provides that the attorney's fee shall not exceed one-third of the amount recovered "to which the right to subrogation applies."

**Am Jur 2d, Welfare Laws §§ 38-41.**

Appeal by plaintiff from judgment entered 20 October 1994 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 3 October 1995.

Areanda Weaver (hereinafter defendant Weaver) received $36,026.54 in Medicaid benefits through the Department of Human Resources, Division of Medical Assistance (hereinafter plaintiff). Thereafter, the law firm of Caudle & Spears (hereinafter defendant

Caudle & Spears) represented defendant Weaver in her medical malpractice claim against defendant Weaver's physician for failure to diagnose her Rocky Mountain Spotted Fever. Defendant Caudle & Spears recovered $1,000,000 on behalf of defendant Weaver. The firm received one-third of this amount as its attorney's fee for representing defendant Weaver in her malpractice claim against her physician.

On 4 August 1992, defendant Caudle & Spears sent plaintiff a check for $24,017.69 and stated in an accompanying letter that the check "represent[ed] payment of [the] medicaid lien minus our 1/3 attorney's fee of $12,008.85." Plaintiff demanded that defendant Caudle & Spears remit the $12,008.85 to plaintiff, claiming that defendant Caudle & Spears did not have the right to attorney's fees from the amount of the "medicaid lien." After defendant Caudle & Spears did not remit the money, plaintiff sued defendants to recover the money. Defendants answered plaintiff's complaint and included three defenses. First, defendants stated that plaintiff had agreed to pay the $12,008.85 in attorney's fees and that the agreement constituted a bar and estoppel of plaintiff's claim. Second, defendants pled accord and satisfaction in defense of plaintiff's claim. Finally, defendants pled G.S. 108A-57 as a bar to plaintiff's claim, stating that the statute allowed defendant Caudle & Spears to retain one-third of the "medicaid lien" as attorney's fees.

On 28 September 1994, defendants made motions for summary judgment and judgment on the pleadings. Plaintiff then made cross-motions for summary judgment and judgment on the pleadings. The trial court granted plaintiff's motions with respect to the first and second defenses set forth in defendants' answer, but denied the remainder of plaintiff's motions. Correspondingly, the trial court denied defendants' motions as to the first and second defenses but granted defendants' motions regarding the application of G.S. 108A-57.

Plaintiff appeals the entry of partial summary judgment and judgment on the pleadings for defendants. Defendants cross-assign error to the trial court's partial grant of plaintiff's motions for summary judgment and judgment on the pleadings.

*Attorney General Michael F. Easley, by Associate Attorney General Elizabeth L. Oxley, for plaintiff-appellant.*

*Wyrick, Robbins, Yates & Ponton, by Lee M. Whitman, for defendant-appellees.*

EAGLES, Judge.

Plaintiff argues that the trial court erred by denying plaintiff's motions regarding the interpretation of G.S. 108A-57 because plaintiff contends that G.S. 108A-57 limits attorney's fees for private attorneys recovering from a third party on behalf of a medicaid beneficiary to one-third of the gross recovery. We disagree with plaintiff's construction of the statute and affirm.

When a person accepts medical assistance through the Department of Human Resources, Division of Medical Assistance, the person assigns to the State the right to any third party benefits the person may subsequently recover. G.S. 108A-59(a). However, G.S. 108A-57 provides in part:

> (a) Notwithstanding any other provisions of the law, to the extent of payments under this Part, the State, or the county providing medical assistance benefits, shall be subrogated to all rights of recovery, contractual or otherwise, of the beneficiary of such assistance, or of his personal representative, his heirs, or the administrator or executor of his estate, against any person. It shall be the responsibility of the county attorney or an attorney retained by the county and/or the State or an attorney retained by the beneficiary of the assistance if such attorney has actual notice of payments made under this Part to enforce this section, and said attorney shall be compensated for his services in accordance with the attorneys' fee arrangements approved by the Department; provided, however, that any attorney retained by the beneficiary of the assistance shall be compensated for his services in accordance with the following schedule and in the following order of priority from any amount obtained on behalf of the beneficiary by settlement with, judgment against, or otherwise from a third party by reason of such injury or death:

> (1) First to the payment of any court costs taxed by the judgment;

> (2) Second to the payment of the fee of the attorney representing the beneficiary making the settlement or obtaining the judgment, but this fee shall not exceed one-third of the amount obtained or recovered to which the right of subrogation applies;

> (3) Third to the payment of the amount of assistance received by the beneficiary as prorated with other claims against the

amount obtained or received from the third party to which the right of subrogation applies, but the amount shall not exceed one third of the amount obtained or recovered to which the right of subrogation applies; and

(4) Fourth to the payment of any amount remaining to the beneficiary or his personal representative.

Contrary to plaintiff's interpretation of G.S. 108A-57, the plain language of the statute does not provide that the State is subrogated to all rights of recovery to the extent of *all* money a medical assistance beneficiary receives. The first sentence of G.S. 108A-57(a) only provides that the State is subrogated to all rights of recovery of the beneficiary of medical assistance "to the extent of *payments* under this Part [i.e. Part 6, entitled Medical Assistance Program]." (Emphasis added.) It follows that defendant Caudle & Spears lawfully took one-third of the "medicaid lien" as part of its attorney's fee because G.S. 108A-57(a)(2) provides that the attorney's fee shall not exceed one-third of the amount recovered "to which the right of subrogation applies." Here, defendant Caudle & Spears received as its fee representing defendant Weaver in her medical malpractice claim one-third of the gross recovery and received in addition one-third of the "medicaid lien" amount payable to plaintiff pursuant to G.S. 108A-57. The statute does not govern a private attorney's fee arrangement with its client. The statute regulates the amount of the attorney's fee only as it relates to the amount of the "medicaid lien" payable to plaintiff. Accordingly, the trial court properly denied plaintiff's motions regarding the interpretation of G.S. 108A-57.

Because we conclude the trial court did not err in granting summary judgment for defendants, we need not address defendants' cross-assignment of error.

Affirmed.

Judges JOHNSON and WALKER concur.