HOWARD EUGENE CAMPBELL, Plaintiff v. NORTH CAROLINA DEPARTMENT OF
HUMAN RESOURCES, DIVISION OF MEDICAL ASSISTANCE, Defendant

No. COA01-1048

(Filed 1 October 2002)

**Public Assistance— Medicaid recovery—personal injury settlement with eighteen-year-old**

    The trial court properly concluded that plaintiff was a beneficiary of Medicaid assistance under N.C.G.S. § 108A-57, and did not err by requiring plaintiff to reimburse defendant out of the proceeds of a personal injury settlement, where plaintiff was enrolled in the Medicaid program as a minor, was involved in an automobile accident when he was seventeen, and settled a personal injury claim one month after his eighteenth birthday. Although plaintiff argued that any Medicaid benefits were for the parent's benefit, there is no authority for the contention that a beneficiary under N.C.G.S. § 108A-57, or a recipient in the meaning of N.C.G.S. § 108A-59, must be one who receives a direct cash payment or relief from debt, or who has the legal right to bring suit for medical benefits.

Appeal by plaintiff from order entered 23 March 2001 by Judge W. Douglas Albright in Moore County Superior Court. Heard in the Court of Appeals 10 June 2002.

    *Webb & Graves, PLLC, by Jerry D. Rhoades, Jr., for plaintiff-appellant.*

    *Attorney General Roy Cooper, by Assistant Attorney General Claud R. Whitener, III, for the State.*

BIGGS, Judge.

Plaintiff appeals from an order requiring him to pay defendant, North Carolina Department of Human Resources, Division of Medical Assistance (hereinafter referred to as DMA), $3,788.00 in reimbursement for medical assistance benefits. We affirm.

On 23 October 1999, plaintiff was injured in an automobile accident. At the time of the accident, plaintiff was seventeen years old, and lived with his mother and sole guardian, Lenora McCleod. At some point prior to the accident, plaintiff was enrolled in the Medicaid program; consequently, defendant paid medical care

providers $3,788.00 for services rendered to plaintiff as a result of the injuries plaintiff received in the accident. On 10 July 2000, a month after plaintiff's eighteenth birthday, he settled a personal injury claim arising out of the accident for $25,000. The settlement money was paid directly to plaintiff. Thereafter, defendant sought reimbursement of the $3,788.00 paid to plaintiff's medical care providers.

Plaintiff filed a declaratory judgment action on 12 October 2000, seeking a judgment that plaintiff was not indebted to defendant, and that defendant had no right of subrogation against him. In addition, plaintiff filed a motion for summary judgment on 21 November 2000, which was heard on 26 February 2001. The trial court entered an order on 23 March 2001, concluding "as a matter of law . . . that the Plaintiff is a 'beneficiary' under N.C.G.S. 108A-57" and ordering that plaintiff pay defendant the sum of $3,788.00 "under the terms of the lien set out in N.C.G.S. 108A-57." Plaintiff appeals from this order.

Plaintiff argues that the trial court erred by requiring him to repay defendant for the cost of medical assistance. He contends that he is not "a 'beneficiary' under N.C.G.S. § 108-57 or a 'recipient' under N.C.G.S. § 108A-59[,]" and, thus, that he is under no obligation to reimburse defendant. We disagree.

In general, "North Carolina law entitles the state to full reimbursement for any Medicaid payments made on a plaintiff's behalf in the event the plaintiff recovers an award for damages." *Cates v. Wilson*, 321 N.C. 1, 6, 361 S.E.2d 734, 738 (1987). The pertinent statutory provisions governing defendant's right to seek reimbursement from those receiving medicaid benefits include N.C.G.S. § 108A-57, which provides in relevant part that "to the extent of payments under this Part, the State, or the county providing medical assistance benefits, shall be subrogated to all rights of recovery, contractual or otherwise, of the beneficiary of this assistance[.]" Further, N.C.G.S. § 108A-59 provides that "by accepting medical assistance, the recipient shall be deemed to have made an assignment to the State of the right to third party benefits, contractual or otherwise, to which he may be entitled." See *N. C. Dept. of Human Resources v. Weaver*, 121 N.C. App. 517, 519, 466 S.E.2d 717, 719, *disc. review denied*, 342 N.C. 896, 467 S.E.2d 905 (1996) ("a person [who] accepts medical assistance through [DMA] . . . assigns to the State the right to any third party benefits the person may subsequently recover"). Thus, we agree with plaintiff that "whether or not Plaintiff is obligated . . . to refund the money paid by [defendant] hinges upon whether he is the 'beneficiary' or the 'recipient' as defined by law."

CAMPBELL v. N.C. DEP'T OF HUMAN RES.

[153 N.C. App. 305 (2002)]

Plaintiff argues that (1) the assistance provided by the state was "financial in nature"; (2) plaintiff was a minor who obtained "[n]o money and no relief from debt"; and (3) as a minor he "had no legal standing to bring a claim for medical expenses[.]" On this basis, plaintiff contends that "any Medicaid payments received [were] for the parent's benefit, not that of [plaintiff.]" However, plaintiff cites no authority, and we find none, to support his contention that a beneficiary in the meaning of N.C.G.S. § 108A-57, or a recipient in the meaning of N.C.G.S. § 108A-59, must be one who receives a direct cash payment or relief from debt, or who has the legal right to bring suit for medical benefits.

Under N.C.G.S. § 108A-24(5), a recipient of medicaid is defined as "a person to whom, or on whose behalf, assistance is granted under this Article." We conclude that when defendant paid for plaintiff's medical treatment, plaintiff became "a person . . . on whose behalf" assistance was rendered. Beneficiary is not defined in N.C.G.S. Chapter 108A. However, "[w]hen language used in the statute is clear and unambiguous, this Court must . . . accord words undefined in the statute their plain and definite meaning." *Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996) (citation omitted). A beneficiary is "a person who receives benefits[;]" while the definition of benefit includes "payment made under insurance, social security, welfare, etc." Oxford Encyclopedic English Dictionary 132 (Judy Pearsall and Bill Trumble, eds., 1995). We conclude that the "plain and definite meaning" of the term 'beneficiary' includes plaintiff.

It is true, as plaintiff argues, that a minor "even after reaching majority, may not recover medical expenses incurred during minority." *Vaughan v. Moore*, 89 N.C. App. 566, 568, 366 S.E.2d 518, 520 (1988). Accordingly, the settlement money which plaintiff received was not recompense for medical expenses. However, N.C.G.S. § 108A-57(a) does not restrict defendant's right of subrogation to a beneficiary's right of recovery only for medical expenses. N.C.G.S. § 108A-57(a) (2001) (State "subrogated to *all rights* of recovery, contractual or otherwise, of the beneficiary of this assistance"); *N. C. Dept. of Human Resources v. Weaver*, 121 N.C. App. 517, 519, 466 S.E.2d 717, 719 (1996) (State subrogated to *all* rights of recovery of beneficiary of medical assistance, "to the extent of [Medicaid] payments under [Medical Assistance Program]") (emphasis added).

Moreover, this Court previously has held that defendant is entitled to recover the costs of medical treatment provided for a

CAMPBELL v. N.C. DEP'T OF HUMAN RES.

[153 N.C. App. 305 (2002)]

minor, even when the funds received by the minor are not reimbursement for medical expenses. In *Payne v. N. C. Dept. of Human Resources*, 126 N.C. App. 672, 677, 486 S.E.2d 469, 471, *disc. review denied*, 347 N.C. 269, 493 S.E.2d 656 (1997), the plaintiff, a minor living with his mother, was severely injured in a swimming pool accident. DMA paid over $138,000 in medical benefits for plaintiff. Plaintiff later settled a personal injury claim for $1,000,000. He distributed $45,000 to his mother for medical expenses, and placed the remainder in an irrevocable disability trust for plaintiff's benefit. Plaintiff then argued that DMA was barred by a federal statute, 42 U.S.C.A. § 1396p(a)(1), from enforcing its Medicaid lien, because the statute, which governs the creation of a disability trust, provides that no lien "may be imposed against the property of any individual . . . on account of medical assistance paid . . . on his behalf[.]" Plaintiff argued that DMA's subrogation rights extended only to the amount allocated to his mother for medical expenses. This Court disagreed, and held that "by accepting Medicaid benefits, [minor plaintiff] assigned his right to third-party benefits to DMA, and . . . DMA's lien vested at that time." In the instant case, as in *Payne*, defendant's lien vested when plaintiff accepted medicaid benefits.

We hold that the trial court properly concluded that plaintiff was a beneficiary of Medicaid assistance under N.C.G.S. § 108A-57. Thus, the trial court did not err by requiring plaintiff to reimburse defendant out of the proceeds of his settlement. In addition, defendant's motion to dismiss is denied. Accordingly, the trial court's order is

Affirmed.

Chief Judge EAGLES and Judge WALKER concur.