GABRIELLA MURRAY HIEB AND ROBERT NELSON HIEB, PLAINTIFFS v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, DEFENDANTS

No. 9226SC1122

(Filed 2 November 1993)

1. **Insurance § 530 (NCI4th) — UIM coverage — no reduction allowed for amount of workers' compensation benefits**

     Defendant Hartford Insurance Company was not entitled to reduce its $500,000 limit in UIM coverage by the workers' compensation benefits paid or to be paid to plaintiff by defendant St. Paul Insurance Company, since the UIM insurance and the workers' compensation insurance were provided by separate and unaffiliated companies; plaintiff was, in effect, the alter ego of North Carolina Let's Play to Grow which purchased the UIM coverage, thus making the Hartford policy more closely resemble a personal automobile liability insurance policy rather than a business insurance policy, as it was denominated; and plaintiff received a judgment in an amount in excess of the policy limits provided by Hartford.

**Am Jur 2d, Automobile Insurance § 293 et seq.**

HIEB v. ST. PAUL FIRE & MARINE INS. CO.

[112 N.C. App. 502 (1993)]

**2. Insurance § 530 (NCI4th) — workers' compensation carrier — entitlement to lien against funds paid by UIM carrier**

Defendant St. Paul Insurance Company was entitled to a workers' compensation lien against all amounts paid or to be paid to plaintiff by defendant Hartford Insurance Company pursuant to its UIM coverage.

**Am Jur 2d, Automobile Insurance § 293 et seq.**

Appeal by plaintiffs from an order entered 28 August 1992 in Mecklenburg County Superior Court by Judge Robert P. Johnston granting summary judgment in favor of defendants. Heard in the Court of Appeals 6 October 1993.

On 17 October 1989, plaintiff, Gabriella Murray Hieb, while driving to New Bern, North Carolina in the course and scope of her employment with Howell's Child Care Center, suffered personal injuries as a result of a collision with a vehicle driven by Woodrow Lowery (Lowery). Mrs. Hieb has received workers' compensation benefits from defendant St. Paul and Marine Insurance Company (St. Paul), the workers' compensation insurance carrier for Howell's Child Care Center.

The vehicle driven by Mrs. Hieb was owned by a nonprofit corporation, North Carolina Let's Play to Grow, and insured by defendant Hartford Accident and Indemnity Company (Hartford) with liability and underinsured/uninsured motorist (UIM) coverage in the amount of $500,000.

The vehicle driven by Lowery was insured by Integon Indemnity Company (Integon) with liability coverage limits of $25,000 per person and $50,000 per accident. Integon has tendered its policy limits of $25,000 to plaintiff. Mrs. Hieb filed suit against Lowery, and a jury returned a verdict in her favor in the amount of $1,279,000. Mrs. Hieb and St. Paul agreed that the $25,000 tendered by Integon will be applied to St. Paul's workers' compensation lien authorized by N.C. Gen. Stat. § 97-10.2.

Plaintiffs then filed this suit seeking a declaratory judgment as to the rights of Mrs. Hieb to the proceeds from the UIM policy issued by defendant Hartford. On 28 August 1992, the trial court granted summary judgment in favor of defendants. Plaintiffs appealed.

*Monnett, Berry & Roberts, by Charles G. Monnett III, for plaintiffs-appellants.*

*Dean & Gibson, by Rodney Dean, for defendant-appellee St. Paul Fire and Marine Insurance Company.*

*Hedrick, Eatman, Gardner & Kincheloe, by Edward L. Eatman, Jr., John F. Morris, and Kent C. Ford, for defendant-appellee Hartford Accident and Indemnity Company.*

WELLS, Judge.

Plaintiffs contend that the trial court erred in granting summary judgment in favor of defendant Hartford permitting Hartford to reduce the limits of its UIM coverage by any amounts paid or to be paid to Mrs. Hieb or on her behalf by St. Paul as workers' compensation benefits. We agree.

When a motion for summary judgment is granted, the questions for determination on appeal are whether, on the basis of the materials presented at trial, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Smith v. Smith,* 65 N.C. App. 139, 308 S.E.2d 504 (1983).

In *Manning v. Fletcher,* 324 N.C. 513, 379 S.E.2d 854, *reh'g denied,* 325 N.C. 277, 384 S.E.2d 517 (1989), the plaintiff's employer purchased a business auto insurance policy, which provided UIM coverage, from North Carolina Farm Bureau Mutual Insurance Company. Plaintiff's employer also purchased workers' compensation insurance from North Carolina Farm Bureau Mutual Insurance Company. The insurance policy in *Manning* provided: "Any amount payable under the insurance policy would be reduced by: a. All sums paid or payable under any workers' compensation, disability benefits or similar law exclusive of non-occupational disability benefits." *Manning, supra.* Our Supreme Court held that N.C. Gen. Stat. § 20-279.21(e) permits an insurance carrier to reduce the UIM coverage liability in a business auto insurance policy by amounts paid to the insured as workers' compensation benefits. *Accord Brantley v. Starling,* 111 N.C. App. 669, 433 S.E.2d 1 (1993).

In *Ohio Casualty Group v. Owens,* 99 N.C. App. 131, 392 S.E.2d 647, *rev. denied,* 327 N.C. 484, 396 S.E.2d 614 (1990), defendant was injured in an automobile accident during the course and scope of her employment. Defendant's employer purchased workers' com-

**HIEB v. ST. PAUL FIRE & MARINE INS. CO.**

[112 N.C. App. 502 (1993)]

pensation insurance from Amerisure Insurance Companies. Defendant purchased automobile liability insurance, which included UIM coverage to a maximum of $50,000, from plaintiff. Defendant received $20,392.70 in workers' compensation insurance and $25,000 from the tortfeasor's liability insurer. Plaintiff argued that it was entitled to reduce its $50,000 limit in UIM coverage by the $20,392.70 in workers' compensation benefits. This Court held that plaintiff was not entitled to reduce its UIM coverage by the workers' compensation benefits paid to defendant. We distinguished *Manning* based on the fact that defendant, not her employer, purchased the UIM coverage. We concluded that defendant would not recover twice because she purchased her own UIM coverage and because Amerisure was entitled to a lien on the insurance proceeds provided by plaintiff under the UIM coverage for $20,392.70.

In *Sproles v. Greene*, 100 N.C. App. 96, 394 S.E.2d 691 (1990), *aff'd in part and rev'd in part*, 329 N.C. 603, 407 S.E.2d 497 (1991), this Court refused to allow the UIM insurer to reduce the limits of its coverage by the workers' compensation payments received by plaintiff. In *Sproles*, Mrs. Sproles was injured in an automobile accident during the course and scope of her employment. Mrs. Sproles obtained and paid for UIM coverage from United States Fidelity and Guaranty Company. The workers' compensation insurance, provided by Mrs. Sproles' employer, was issued by Aetna Casualty & Surety Company. This Court distinguished *Manning* based on the following facts: (1) the UIM insurance policy was not a "Business Auto Policy" but a "Personal Auto Policy;" (2) the workers' compensation insurance was not provided by the UIM insurer or its affiliate; and (3) Mrs. Sproles' damages exceeded the available insurance.

The forecast of evidence in the case *sub judice* discloses that the automobile driven by Mrs. Hieb at the time of the collision was owned by North Carolina Let's Play to Grow, a nonprofit corporation founded by Mrs. Hieb with a grant from the Joseph P. Kennedy, Jr. Foundation. Mrs. Hieb was the Executive Director of North Carolina Let's Play to Grow and was its only employee. She received no compensation for her work at North Carolina Let's Play to Grow. Mrs. Hieb was also employed as Director of Public Affairs and Community Resources at Howell's Child Care Center, earning approximately $28,000 per year. North Carolina Let's Play to Grow is unaffiliated with Howell's Child Care Center. St. Paul is the workers' compensation insurer for Howell's Child Care Center.

The named insured of the insurance policy issued by Hartford, the UIM insurer, is North Carolina Let's Play to Grow. In her affidavit, Mrs. Hieb stated that the insurance premiums on the Hartford policy were paid from contributions, a grant from the Kennedy Foundation, and, when the contributions and grants were insufficient, by her personally. The insurance policy is denominated a "Business Auto Policy" and provides: "Any amount payable under this coverage shall be reduced by: a. All sums paid or payable under any workers' compensation, disability benefits or similar law exclusive of non-occupational disability benefits." Mrs. Hieb received a judgment against Lowery, whose liability coverage was only $25,000, for $1,279,000. The Hartford policy provided UIM coverage for Mrs. Hieb in the amount of $500,000.

[1]  We find *Owens* and *Sproles* to be the controlling law in this case and hold that Hartford is not entitled to reduce its $500,000 limit in UIM coverage by the workers' compensation benefits paid or to be paid to Mrs. Hieb by St. Paul. *Owens* and *Sproles*, and not *Manning*, are controlling because: (1) the UIM insurance and the workers' compensation insurance were provided by separate and unaffiliated companies; (2) Mrs. Hieb was, in effect, the alter ego of North Carolina Let's Play to Grow, which makes the insurance policy provided by Hartford resemble more closely the policies in *Owens* and *Sproles*, although the policy in this case was denominated a "Business Insurance Policy;" and (3) Mrs. Hieb has received a judgment in an amount in excess of the policy limits provided by Hartford. The public policies inherent in § 20-279.21(e) support our holding. First, since North Carolina Let's Play to Grow is unaffiliated with Howell's Child Care Center and none of the premiums on the Hartford policy were paid by Howell's Child Care Center, one employer does not bear the burden of paying double premiums. Second, Mrs. Hieb will not recover twice for the same injury since, based on our holding below, St. Paul is entitled to a lien against all amounts paid or to be paid to Mrs. Hieb by Hartford pursuant to its UIM coverage.

[2]  Plaintiffs argue in their second assignment of error that the trial court erred when it determined that St. Paul was entitled to a workers' compensation lien against all amounts paid or to be paid to Mrs. Hieb by Hartford pursuant to its UIM coverage. We cannot agree.

HIEB v. ST. PAUL FIRE & MARINE INS. CO.

[112 N.C. App. 502 (1993)]

In light of this Court's holding in *Ohio Casualty Group v. Owens, supra,* and *Bailey v. Nationwide Mutual Ins. Co.,* 112 N.C. App. 47, 434 S.E.2d 625 (1993) that

> N.C. General Statute Section 97-10.2 provides for the subrogation of the workers' compensation insurance carrier . . . to the employer's right, upon reimbursement of the employee, to any payment, including uninsured/underinsured motorist insurance proceeds, made to the employee by or on behalf of a third party as a result of the employee's injury,

plaintiffs' second assignment of error is overruled. St. Paul is entitled to a workers' compensation lien against all amounts paid or to be paid to Mrs. Hieb by Hartford pursuant to its UIM coverage.

The order of the trial court granting defendant Hartford's motion for summary judgment is reversed, and the order granting defendant St. Paul's motion for summary judgment is affirmed.

The order of the trial court is

Affirmed in part and reversed in part.

Judges LEWIS and MARTIN concur.