GAYE A. HIEB, Employee/Plaintiff/Appellee, v. HOWELL'S CHILD CARE CENTER,
INC., Employer, and ST. PAUL FIRE & MARINE INSURANCE COMPANY,
Carrier/Defendants/Appellants

No. COA95-766

(Filed 2 July 1996)

1. **Workers' Compensation § 85 (NCI4th)— disbursement of third-party proceeds—jurisdiction in Commission—motion to stay execution of superior court order—no jurisdiction in Commission**

   Although the Industrial Commission, not the superior court, had jurisdiction to disburse third-party proceeds in this case, such jurisdiction did not extend over a motion to stay execution of a superior court order.

   **Am Jur 2d, Workers' Compensation § 451.**

2. **Workers' Compensation § 102 (NCI4th)— payment of benefits stopped without approval—authority of Commission to order resumption**

   The Industrial Commission had continuing jurisdiction to order resumption and repayment of workers' compensation benefits after defendants stopped payment without proper approval and in violation of Workers' Compensation Rule 404 where lifetime benefits had been awarded pursuant to an approved Industrial Commission Form 26 agreement. N.C.G.S. §§ 97-18(g), 97-88.

   **Am Jur 2d, Workers' Compensation § 56.**

3. **Workers' Compensation §§ 219, 476 (NCI4th)— penalty for amounts past due—award of costs—authority of Commission**

   Pursuant to N.C.G.S. §§ 97-18(g), 97-88, and 97-88.1, the Industrial Commission had the authority to order defendants to pay a 10% penalty against all amounts past due and to order defendants to pay costs, including attorney's fees, where the Commission found defendants in violation of Commission rules by terminating disability and medical compensation without the Commission's approval and by refusing to resume immediate payments following a deputy commissioner's order, and the

HIEB v. HOWELL'S CHILD CARE CENTER

[123 N.C. App. 61 (1996)]

Commission concluded that defendants brought this claim without reasonable grounds.

**Am Jur 2d, Workers' Compensation §§ 443, 444, 722-726.**

Appeal by defendants from Opinion and Award entered 12 May 1995 by the Full Industrial Commission. Heard in the Court of Appeals 25 March 1996.

On 17 October 1989 plaintiff was driving a vehicle for her employer, Howell's Child Care Center, when she was struck by another vehicle driven by Woodrow Lowery. As a result of the accident, she suffered numerous compensable injuries, including severe brain damage. The workers' compensation insurance carrier for Howell's, defendant St. Paul Fire & Marine Insurance Company, conceded that plaintiff was permanently and totally disabled.

The insurance policies in effect were Lowery's liability policy issued by Integon Indemnity Company, with a limit of $25,000.00 per person, an underinsured motorist policy of $500,000.00 per accident, issued by Hartford Accident and Indemnity Company, and workers' compensation coverage issued by St. Paul.

Plaintiff and her husband filed suit against Lowery in Mecklenburg County Superior Court (90-CVS-10760), and soon afterwards filed a second action against St. Paul and Hartford to determine the respective rights of the parties to benefits provided by the Hartford UIM policy and to determine the amount of coverage available (91-CVS-3263). In the second action, Judge Robert P. Johnston entered an order pursuant to N.C. Gen. Stat. § 97-10.2 (1991) determining that (1) Hartford was allowed to reduce its UIM coverage limits by any amounts paid or to be paid to Mrs. Hieb or on her behalf by St. Paul as workers' compensation benefits and (2) St. Paul was entitled to a workers' compensation lien against all amounts paid or to be paid to Mrs. Hieb by Hartford pursuant to its UIM coverage. Plaintiffs appealed the order to this Court.

Meanwhile, in the civil suit against Lowery, the jury awarded plaintiff $1,279,000.00. On 20 November 1992 Judge Robert E. Gaines entered a judgment on the verdict and in accordance with Judge Johnston's order. Judge Gaines also ordered defendants to pay, as attorney's fees, 33.33% of all amounts paid to St. Paul from any UIM policy and directed disbursement of the third party proceeds pursuant to G.S. § 97-10.2.

## HIEB v. HOWELL'S CHILD CARE CENTER

[123 N.C. App. 61 (1996)]

On 2 November 1993, this Court issued an opinion in the appeal of Judge Johnston's order, reversing that portion of the order allowing Hartford to reduce its limits, and affirming that portion of the order allowing defendant St. Paul to assert a workers' compensation lien against the UIM benefits. *See Hieb v. St. Paul Fire & Marine Ins. Co.*, 112 N.C. App. 502, 435 S.E.2d 826 (1993) (*Hieb I*).

Subsequently, plaintiff and defendants could not agree on the distribution of the third party recovery, and in March 1994 plaintiff filed a motion in Mecklenburg County Superior Court to modify and enforce Judge Gaines's judgment, and set the workers' compensation lien. On 14 July 1994 Judge Claude S. Sitton allowed the motion, concluding

1. That this Court has jurisdiction over the parties and subject matter of this action and has the authority to enter the following Order.

2. That because Lowery has been released of personal liability and all liability insurance policies have been exhausted the Hartford UIM policy proceeds are the only source of funds available to satisfy the subrogation lien of St. Paul and to satisfy the Judgments in favor of Plaintiffs.

3. That the Hartford policy proceeds of $475,000 are insufficient to compensate the subrogation lien of St. Paul and to satisfy the Judgments in favor of Plaintiffs.

4. That the Court should exercise its discretion under the provisions of North Carolina General Statute Section 97-10.2 to determine the amount of St. Paul's workers' compensation lien.

5. That the sum of $241,677.77 is fair and equitable for St. Paul to receive in satisfaction of its workers' compensation lien.

6. That it is fair and equitable for the balance of the Hartford UIM proceeds [to] be paid to the Plaintiffs.

Judge Sitton ordered distribution of the funds accordingly and awarded attorney's fees based on the terms of Judge Gaines's November 1992 judgment.

Defendant St. Paul appealed to this Court, arguing that Judge Sitton did not have authority to enter the 14 July 1994 order. We agreed, holding that G.S. § 97-10.2(j) was not applicable to confer jurisdiction over distribution of the third party proceeds on a superior

court judge. *See Hieb v. Lowery,* 121 N.C. App. 33, 464 S.E.2d 308 (1995) *(Hieb II)*.

On 12 August 1994, however, while the appeal of Judge Sitton's order was pending in this Court, St. Paul contacted all of plaintiff's treating physicians and advised them that it would no longer pay plaintiff's medical expenses. In addition, St. Paul stopped paying plaintiff her permanent and total disability compensation. On 24 August 1994, *after* ceasing all payments, St. Paul filed a Form 24 Application to Stop Payment with the Industrial Commission.

Defendants also filed with the Commission motions to stop payment of compensation and to stay distribution of third party proceeds. Deputy Commissioner Tamara R. Nance entered an order on 4 October 1994, finding that because Judge Sitton's order was currently on appeal to this Court, the Commission did not have jurisdiction to "effectively overrule" the order. She denied defendants' motions and ordered them to immediately resume medical payments and compensation. She also denied defendants' Form 24 Application to Stop Payment.

On appeal, the Full Commission concluded that it did not have jurisdiction over the disbursement of the third party funds because such action in this case fell under N.C. Gen. Stat. § 97-10.2(j), pursuant to which a superior court has exclusive jurisdiction. The Commission also concluded that whether Judge Sitton's exercise of discretion was appropriate was properly on appeal to this Court and was not for the Commission to decide.

The Commission found that defendants clearly admitted they had no authority to terminate compensation without the approval of the Industrial Commission, but they did not resume payments following the deputy commissioner's order. The Commission censured defendants for their actions, commenting that their "position cannot be condoned from a legal standpoint despite any practical implications, and defendants' pursuit of their position has been unreasonable at the very least." Moreover, the Commission concluded:

4. The undersigned find defendants' actions to stop payment (pursuant to an approved Form 26 for lifetime benefits) without obtaining Industrial Commission approval and in open, continued defiance of Industrial Commission rules and orders is reprehensible, unjustified, and cannot go without comment. Defendants have blatantly ignored the Rules of the Industrial Commission

## HIEB v. HOWELL'S CHILD CARE CENTER

[123 N.C. App. 61 (1996)]

and have refused to abide by statutory law. They have broken the law and defendants' counsel boldly proclaimed to the Industrial Commission that she advised her client to pursue this action. The Industrial Commission will not tolerate this type of abuse.

5. It is clear that there was no authority to terminate or suspend plaintiff's workers' compensation and *medical* benefits while plaintiff is still disabled as a result of a compensable injury. Defendants not only stopped disability compensation to plaintiff but, upon advice of counsel, also refused to provide medical services. Defendants' conduct is egregious, reprehensible, and unlawful. A motion to stop payment after payment has been stopped, which is grounded in no authority under the law, is nothing more than an attempt to use the Industrial Commission to legitimize unlawful actions already taken by defendants. This is further abuse of the workers' compensation system. One who seeks equity must have "clean hands."

The Commission noted that defendants could have requested a stay of execution in superior court rather than independently stopping payment.

In its award, the Commission ordered defendants to pay immediately all accrued amounts of medical and disability compensation plus interest and to continue making payments pending the outcome of an appeal to this Court. The Commission also ordered defendants to pay a ten percent penalty on all past due amounts owed to plaintiff and a reasonable attorney's fee of $4,000.00 for bringing the claim "without reasonable grounds."

Commissioner Dianne C. Sellers dissented on the issue of the Commission's jurisdiction over the distribution of third party funds but concurred in the Full Commission's conclusion that defendants should resume payments, pay a ten percent penalty for late payment, and pay interest on amounts accrued, subject to their appeal rights.

Defendants now appeal the Opinion and Award of the Full Commission.

*Charles G. Monnett III & Associates, by Charles G. Monnett III, for plaintiff appellee.*

*Russell & King, P.A., by Sandra M. King, for defendant appellants.*

ARNOLD, Chief Judge.

[1] Defendants argue that the Commission has exclusive jurisdiction over disbursement of the third party proceeds and therefore erred in not staying Judge Sitton's order of distribution. Although defendants are correct in asserting that the Commission has exclusive jurisdiction over disbursement of the third party proceeds in this case, it does not follow that the Commission has the authority to stay a superior court order, even if that order were in error.

Under the Workers' Compensation Act, recovery from a third party tortfeasor is generally distributed by the Industrial Commission pursuant to N.C. Gen. Stat. § 97-10.2(f) (1991). An exception to this rule is provided in G.S. § 97-10.2(j), which grants jurisdiction over distribution of third party proceeds to a superior court judge "in the event that a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier."

Acting under the apparent authority of this provision, Judge Sitton assumed jurisdiction over the matter and ordered distribution of the third party proceeds. Defendant St. Paul appealed Judge Sitton's order, arguing that Judge Sitton had no jurisdiction under G.S. § 97-10.2(j) to modify Judge Johnston's judgment. *Hieb v. Lowery*, 121 N.C. App. 33, 464 S.E.2d 308 (1995) (*Hieb II*). Because the third party judgment exceeded the subrogation claim of the workers' compensation insurance carrier, this Court agreed and held that G.S. § 97-10.2(j) was inapplicable, even if the actual proceeds of the judgment were insufficient to compensate the subrogation claim. "Giving the statute its plain meaning, requires us to read the term 'judgment' to mean just that, and to reject plaintiffs' argument that we should look only at the insurance 'proceeds' that Mrs. Hieb is to receive in determining the applicability of section 97-10.2(j)." *Id.* at 38, 464 S.E.2d at 311.

Thus, the Industrial Commission, not the superior court, has exclusive jurisdiction over distribution of the proceeds recovered from the third party tortfeasor in this case. Without the benefit of our decision in *Hieb II*, the Commission erred in finding that it did not have jurisdiction over the disbursement of the third party funds. This issue, however, is secondary to the appeal here. The only issue we address is whether the Commission had jurisdiction to stay Judge Sitton's order.

Rule 62 of the North Carolina Rules of Civil Procedure governs stays of proceedings to enforce judgments and provides that when an appeal is taken, the appellant may obtain a stay of execution by acting in accordance with and subject to G.S. §§ 1-289, -290, -291, -292, -293, -294, and -295. N.C. Gen. Stat. § 1A-1, Rule 62(d) (1990). Section 1-289 addresses stays of execution on money judgments and provides:

> If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal. . . . The perfecting of an appeal by giving the undertaking mentioned in this section stays proceedings in the court below upon the judgment appealed from . . . .

Defendants did not pursue a stay under Rule 62(d) and G.S. § 1-289, instead improperly filing a motion with the Commission. Although we found in *Hieb II* that the Commission, not the superior court, has jurisdiction to disburse third party proceeds in this case, such jurisdiction does not extend over a motion to stay execution of a superior court's order. The Full Commission correctly declined to stay Judge Sitton's order.

**[2]** Defendants next contend that the Full Commission erred in ordering them to resume payment of medical and compensation benefits immediately, to pay all past due accrued amounts, and to continue making payments pending the outcome of the instant appeal to this Court. We disagree.

Defendants argue that G.S. § 97-86.1(a) and (b) are the sole provisions authorizing the Commission to order payment of compensation during the pendency of an appeal, and that these provisions are inapplicable here. While we agree that neither G.S. § 97-86.1(a) nor (b) applies in this case, we find that the Commission did have the authority to order resumption and repayment of workers' compensation benefits after defendants stopped payment without proper approval and in violation of Workers' Compensation Rule 404.

The Industrial Commission has continuing jurisdiction over all proceedings begun before it for compensation in accordance with its terms. *Butts v. Montague Bros.*, 208 N.C. 186, 188, 179 S.E. 799, 801 (1935). In other words, "it is clothed with such implied power as is necessary to perform the duties required of it by the law which it administers." *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985).

In *Hogan*, the Supreme Court found that the Commission has the power to set aside one of its former judgments—a "judicial power conferred on the Commission by the legislature and [] necessary to enable the Commission to supervise its own judgments." *Id.* Because "it is apparent that the Industrial Commission possesses such judicial power as is necessary to administer the Workers' Compensation Act," *id.* at 138, 337 S.E.2d at 483, it follows that the Commission's continuing jurisdiction over its judgments includes the power to supervise and enforce them. The fact that the lifetime benefits in this case were awarded pursuant to an approved Industrial Commission Form 26 agreement rather than a judgment does not preclude the Commission's jurisdiction to enforce that agreement. *See Tabron v. Farms, Inc.*, 269 N.C. 393, 396, 152 S.E.2d 533, 535 (1967) (observing that the Commission's jurisdiction is invoked when either a compensation claim is filed or a voluntary settlement is submitted for approval).

The Commission's continuing jurisdiction over compensation awards is revealed in G.S. § 97-18(g) (1995), which provides:

> If any installment of compensation is not paid within 14 days after it becomes due, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition to, such installment, unless such nonpayment is excused by the Commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment.

This section recognizes not only the Commission's power to order a penalty for unpaid installments, but also its power to enforce payment of the late installment itself. The Commission's authority to order an insurer "to make, or to continue payments of benefits, including compensation for medical expenses," is also contemplated in G.S. § 97-88, which governs expenses of appeals brought by insurers. Considering the fact that defendants stopped payment without

**HIEB v. HOWELL'S CHILD CARE CENTER**

[123 N.C. App. 61 (1996)]

proper approval, the Full Commission clearly had authority to enforce the Form 26 agreement and order them to resume payments and pay their past due installments.

[3] Finally, defendants argue that the Commission erred in ordering a ten percent penalty against all amounts past due and in ordering them to pay costs, including plaintiff's attorney's fees. The Commission clearly had statutory authority to order a ten percent penalty against all amounts past due pursuant to G.S. § 97-18(g). We are not persuaded by defendants' attempt to distinguish this provision.

The Full Commission's authority to order defendants to pay costs, including attorney's fees, derives from G.S. §§ 97-88 and -88.1. Section 97-88 allows the Commission to award attorney's fees for an insurer's appeal to the Full Commission in which the insurer is ordered to make or continue payments of benefits, and G.S. § 97-88.1 states:

> If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them.

The Full Commission awarded attorney's fees upon finding defendants in violation of Industrial Commission rules by terminating compensation without the Commission's approval, and by refusing to resume immediate payments following the deputy commissioner's order. We find sufficient evidence to support the Full Commission's conclusion that defendants brought this claim without reasonable grounds, and its decision to award reasonable attorney's fees was appropriate. *See Robinson v. J. P. Stevens*, 57 N.C. App. 619, 627-28, 292 S.E.2d 144, 149 (1982).

Affirmed.

Judges MARTIN, John C., and SMITH concur.