GABRIELLA MURRAY HIEB AND ROBERT NELSON HIEB v. WOODROW LOWERY

No. 540A95

(Filed 6 September 1996)

**1. Workers' Compensation § 85 (NCI4th)— workers' compensation lien—UIM damages—motion to modify**

The trial court did not act under the authority of N.C.G.S. § 1A-1, Rule 60(b) in modifying and enforcing a judgment setting a workers' compensation lien against UIM damages where plaintiff's motion referred to Rule 60, but the order was devoid of Rule 60 considerations and specifically stated that the basis for granting the motion was N.C.G.S. § 97-10.2.

**Am Jur 2d, Workers' Compensation § 451.**

**2. Workers' Compensation § 85 (NCI4th)— workers' compensation—UIM damages—order reducing lien—previously decided**

The issue of the amount of a workers' compensation lien against UIM damages had been decided three times prior to plaintiffs filing this motion and presenting the matter to Judge Sitton. Although plaintiffs contended that the matter previously decided

by Judges Gaines and Johnston was whether the workers' compensation carrier could assert a lien in this situation, Judge Gaines' conclusions in the original judgment explicitly state that the workers' compensation carrier is entitled to a lien for all amounts paid or to be paid as workers' compensation benefits and the Court of Appeals issued a unanimous opinion affirming that portion of Judge Johnston's order relating to the workers' compensation lien. Judge Sitton's order, setting a lesser amount to be repaid, does not address a different issue.

**Am Jur 2d, Workers' Compensation §§ 451, 456.**

**3. Workers' Compensation § 85 (NCI4th)— workers' compensation—UIM damages—lien**

The trial court did not have the authority under N.C.G.S. § 97-10.2(j) to modify previous judgments where a jury returned a verdict for plaintiffs arising from an automobile accident; plaintiff is permanently and totally disabled and is receiving lifetime workers' compensation benefits; prior judgments held that the workers' compensation insurer was entitled to a lien against the proceeds of the UIM policy for all amounts paid or to be paid as workers' compensation benefits; plaintiffs contend that the only possible source of funds to satisfy the judgment is the UIM policy and that it is substantially certain that the workers' compensation lien will exceed the amount of available funds in the future; and plaintiffs obtained an order under N.C.G.S. § 97-10.2 setting a lesser amount of the lien to be repaid. The word judgment in N.C.G.S. § 97-10.2 is undefined and, although plaintiffs argue that judgment must be construed to mean the proceeds actually available to satisfy the lien, the language is unambiguous. "Judgment" is the final decision of the court; in a negligence action, the final decision of the court does not include a determination of the proceeds to satisfy the judgment finally entered. If the legislature had intended insufficient proceeds to be the trigger for a judge's invocation of the discretion provided in the statute, it would have specified "proceeds" within the statute.

**Am Jur 2d, Judgments §§ 775 et seq.; Workers' Compensation § 451.**

Justice FYRE dissenting.

Appeal by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 121 N.C. App. 33, 464

**HIEB v. LOWERY**

[344 N.C. 403 (1996)]

S.E.2d 308 (1995), reversing an order entered by Sitton, J., on 28 July 1994 in Superior Court, Mecklenburg County. Heard in the Supreme Court 16 May 1996.

*Charles G. Monnett III & Associates, by Charles G. Monnett III, for plaintiff-appellants.*

*Dean & Gibson, by Rodney Dean and D. Christopher Osborn for unnamed defendant-appellee St. Paul Fire and Marine Insurance Company.*

LAKE, Justice.

On 20 July 1990, plaintiffs Gabriella Hieb (plaintiff) and her husband, Robert Hieb, filed suit against defendant Woodrow Lowery and unnamed defendant Hartford Accident and Indemnity Company ("Hartford"), plaintiff's underinsured motorist ("UIM") insurance carrier, seeking damages for personal injury and loss of consortium arising from a 17 October 1989 automobile collision. The action was tried to a jury during the 12 October 1992 Civil Session of Superior Court, Mecklenburg County, Judge Robert E. Gaines presiding. The jury returned a verdict against defendants and awarded plaintiff the sum of $1,279,000 and plaintiff's husband the sum of $40,000.

In his 20 November 1992 judgment, Judge Gaines made findings of fact, in part, as follows:

7. The Plaintiffs have instituted a second action against St. Paul Fire and Marine and Hartford Insurance Company . . . to determine the respective rights of the parties to the benefits of the Hartford underinsured motorist coverage and to determine the amount of such coverage.

8. That on or about August 28, 1992, an order was entered in that action by the Honorable Robert P. Johnston which holds that the Hartford is allowed to reduce its limits by the amount of worker[s'] compensation *paid or to be paid* to Plaintiff and further holding that the proceeds of the Hartford underinsured policy are subject to the lien of St. Paul Insurance Company pursuant to North Carolina General Statute Section 97-10.2. That action is now on appeal to the North Carolina Court of Appeals. This Court is bound by the Order of Judge Johnston unless and until said Order is modified by the Court of Appeals or any other Court of competent jurisdiction. This Court has not addressed the issues raised in that action.

(Emphasis added.) Based on these findings of fact, Judge Gaines ordered that St. Paul Fire and Marine Insurance Company ("St. Paul") was entitled to a lien against the proceeds of the Hartford UIM policy for *all amounts paid or to be paid* to plaintiff as workers' compensation benefits.

As noted in Judge Gaines' judgment, set forth above, plaintiffs filed a second action on 4 March 1991 against Hartford and St. Paul, the workers' compensation carrier for plaintiff's employer, seeking a declaratory judgment to determine the rights of the parties to the benefits of the Hartford UIM coverage. Hartford contended the UIM policy contained language allowing it to reduce its policy limits by the amount of any workers' compensation benefits paid or to be paid to the plaintiff. St. Paul disagreed, contending it was entitled to a lien against the Hartford policy benefits.

The plaintiffs' motion for summary judgment in this second action was heard by Judge Robert P. Johnston, who entered an order on 28 August 1992 granting summary judgment for defendants. This order held that Hartford was allowed to reduce its limits by the amount of workers' compensation paid or to be paid to plaintiff and that proceeds of the Hartford UIM policy were subject to the lien of St. Paul for *all amounts paid or to be paid to plaintiff.* Plaintiffs appealed to the Court of Appeals, which reversed that portion of the order allowing Hartford to reduce its UIM limits and affirmed the portion of the order allowing St. Paul to assert a workers' compensation lien against the Hartford UIM benefits. *Hieb v. St. Paul Fire & Marine Ins. Co.*, 112 N.C. App. 502, 435 S.E.2d 826 (1993) (*Hieb I*). This action was appealed no further.

On or about 20 December 1993, Hartford tendered its UIM policy limit of $475,000 pursuant to the orders of Judges Johnston and Gaines. The plaintiffs and St. Paul were unable to agree as to how the Hartford UIM benefits were to be distributed, and on 7 March 1994, plaintiffs moved for an order modifying and enforcing the judgment entered by Judge Gaines in the first action with respect to the workers' compensation lien. Specifically, plaintiffs requested that the court, in its discretion, determine the amount of St. Paul's workers' compensation lien, approve the disbursement of that amount to St. Paul and approve the disbursement of the balance of any funds remaining from the Hartford UIM proceeds to plaintiffs.

Judge Claude S. Sitton allowed plaintiffs' motion by order signed 14 July 1994 and entered 28 July 1994. Exercising his discretion under

N.C.G.S. § 97-10.2, Judge Sitton held that St. Paul was entitled to recover $241,677.77, as full satisfaction of any workers' compensation lien it may have on benefits *paid or to be paid* to plaintiff, and that the remainder of the Hartford UIM proceeds be paid to plaintiffs.

Defendant St. Paul appealed to the Court of Appeals. In a divided opinion, the Court of Appeals reversed, holding that the trial judge was without authority, under N.C.G.S. § 97-10.2, to modify another superior court judge's order because the "judgment" exceeded the amount necessary to reimburse the workers' compensation insurance carrier. *Hieb v. Lowery*, 121 N.C. App. 33, 464 S.E.2d 308 (1995) (*Hieb II*). Plaintiffs appeal to this Court based upon the dissent below. For the reasons which follow, we affirm the Court of Appeals.

Ordinarily, one superior court judge may not modify or overrule the judgment of another superior court judge in the same case on the same issue. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 189 S.E.2d 484 (1972); *see also Able Outdoor, Inc. v. Harrelson*, 341 N.C. 167, 459 S.E.2d 626 (1995). Plaintiffs assert that the Court of Appeals erred by applying this general rule to the facts of the present case.

[1] First, plaintiffs argue that the Court of Appeals erred by holding that the trial judge did not act under the authority of Rule 60(b) of the North Carolina Rules of Civil Procedure. Plaintiffs' motion to modify and enforce the judgment setting the workers' compensation lien begins: "Plaintiffs . . . respectfully move this Court pursuant to Rule 60(b)(5) and (6) of the North Carolina Rules of Civil Procedure . . . ." Plaintiffs argue that their motion was filed pursuant to Rule 60(b), and therefore the trial court acted pursuant to Rule 60(b).

However, notwithstanding plaintiffs' reference to Rule 60(b) in their motion, we agree with the Court of Appeals' conclusion that "plaintiff made no Rule 60(b) motion, nor did Judge Sitton purport to act pursuant to Rule 60(b)." *Hieb II*, 121 N.C. App. at 38, 464 S.E.2d at 312. Judge Sitton's order is devoid of any mention of Rule 60(b) considerations. The order neither mentions Rule 60(b) nor contains language that Judge Sitton ruled as he did because "justice demands it" or any other language showing the order was based on Rule 60(b). Rather, the order specifically states that Judge Sitton's exclusive basis for granting the motion was N.C.G.S. § 97-10.2:

> 4. That the Court should exercise its discretion under the provisions North Carolina General Statute Section 97-10.2 to determine the amount of St. Paul's workers' compensation lien.

Accordingly, we find no error with the Court of Appeals' holding that Judge Sitton acted solely under the provisions of N.C.G.S. § 97-10.2.

**[2]** Next, plaintiffs contend that Judge Sitton's order did not modify or overrule an issue that was previously considered and thus does not offend the general rule. Plaintiffs argue that the issue previously decided by Judges Gaines and Johnston was whether a workers' compensation carrier could *assert* a lien, pursuant to N.C.G.S. § 97-10.2, against the proceeds of UIM insurance purchased by someone other than the insured party's employer, while the issue before Judge Sitton was the *amount* of such workers' compensation lien that should be allowed. We disagree.

In the original judgment, Judge Gaines' conclusions of law explicitly state in accordance with Judge Johnston's order that "St. Paul Fire and Marine Insurance Company is entitled to a lien against the proceeds of the Hartford underinsured motorist policy *for all amounts paid, or to be paid, to Plaintiff* Gabriella Murray Hieb as worker[s'] compensation benefits." (Emphasis added.) From the plain language of this judgment, it is clear that the amount of the lien is to be the total of all amounts *paid or to be paid* to plaintiff as workers' compensation benefits. Additionally, the Court of Appeals issued a unanimous opinion affirming that portion of Judge Johnston's order relating to the workers' compensation lien of St. Paul. The Court of Appeals stated:

> Plaintiffs argue in their second assignment of error that the trial court erred when it determined that St. Paul was entitled to a workers' compensation lien against all amounts paid or to be paid to Mrs. Hieb by Hartford pursuant to its UIM coverage. We cannot agree.
>
> . . . St. Paul is entitled to a workers' compensation lien against all amounts paid or to be paid to Mrs. Hieb by Hartford pursuant to its UIM coverage.

*Hieb I*, 112 N.C. App. at 506-07, 435 S.E.2d at 828. Thus, the issue of amount was dealt with and decided three times prior to plaintiffs presenting the matter to Judge Sitton. Judge Sitton's order, setting a lesser amount of the lien to be repaid, does not address a different issue than that previously decided by Judges Johnston and Gaines.

**[3]** Lastly, plaintiffs argue that the provisions of N.C.G.S. § 97-10.2(j) give Judge Sitton the authority to set the amount of the lien. Section 97-10.2(j) provides in pertinent part:

Notwithstanding any other subsection in this section, in the event that a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose, where the injured employee resides or the presiding judge before whom the cause of action is pending, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien . . . .

N.C.G.S. § 97-10.2(j) (1991).

Under the statute, the two events which will trigger the authority of a judge to exercise discretion in determining or allocating the amount of lien or disbursement are (1) a judgment insufficient to compensate the subrogation claim of the workers' compensation insurance carrier or (2) a settlement. Plaintiffs contend that Judge Sitton's use of the discretion provided by N.C.G.S. § 97-10.2 was triggered in this case because the judgment obtained is insufficient to satisfy St. Paul's workers' compensation lien.

Plaintiffs argue that "judgment" within the context of N.C.G.S. § 97-10.2 must be construed to mean the proceeds actually available to satisfy the lien. Plaintiffs point out that the only possible source of funds available to satisfy plaintiff's $1,279,000 verdict is the $475,000 proceeds of the Hartford UIM policy. Plaintiff is permanently and totally disabled and therefore receiving lifetime benefits. St. Paul's workers' compensation lien presently exceeds $266,400, compensation already paid to plaintiff. Thus, plaintiffs contend it is substantially certain that the workers' compensation lien will exceed the amount of available funds in the future. We disagree with plaintiffs' contention in this regard.

In resolving issues of statutory construction, we look first to the language of the statute itself. It is a well-established rule of statutory construction that "[w]hen language used in the statute is clear and unambiguous, this Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning." *Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995).

The word "judgment" is undefined in N.C.G.S. § 97-10.2. As this language is unambiguous, we shall accord it its plain meaning. Judgment is "[t]he final decision of the court resolving the dispute and determining the rights and obligations of the parties." *Black's Law Dictionary* 841-42 (6th ed. 1990). Further, this Court has long held that " '[t]he rendering of a judgment is a judicial act, *to be done by the court only.*' " *Eborn v. Ellis*, 225 N.C. 386, 389, 35 S.E.2d 238, 240 (1945) (quoting *Mathews & McKinnish v. Moore*, 6 N.C. 181, 182 (1812)) (emphasis added).

In a negligence action, the final decision of the court does not include a determination as to the availability of *proceeds* to satisfy the judgment finally entered. It is significant that the word "proceeds" does not appear in N.C.G.S. § 97-10.2(j). We thus conclude that if the legislature had intended insufficient "proceeds" to be the trigger for a judge's invocation of the discretion provided in the statute, it would have specified "proceeds" within subsection (j) of this statute.

The jury returned a verdict in favor of plaintiff Gabriella Hieb in the amount of $1,279,000 and plaintiff's husband in the amount of $40,000. This verdict modified by appropriate adjustments, including interest and a reduction by the amount of workers' compensation benefits received by plaintiff up to the date of trial, constitutes the judgment as referred to in N.C.G.S. § 97-10.2. This judgment is greater than the amount of St. Paul's lien at the time of Judge Sitton's order and therefore is not "insufficient to compensate the subrogation claim." On this record, we hold that the Court of Appeals did not err in concluding that Judge Sitton did not have authority under the provisions of N.C.G.S. § 97-10.2(j) to modify the previous judgments.

For the reasons stated herein, we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice FRYE dissenting.

This case represents a triumph of form over substance. After being permanently and totally disabled in 1989 as the result of an automobile accident, Mrs. Hieb convinced a jury that she was entitled to damages in excess of $1.2 million and judgment was entered by the trial court accordingly. After two trips to the Court of Appeals and further review in this Court, the majority now concludes that, by interaction of two statutory provisions and various procedural bars,

Mrs. Hieb is not legally entitled to access to any of the funds available under her own underinsured motorist (UIM) coverage policy. I dissent.

The result of the majority's holding in this case is that because Mrs. Hieb obtained a judgment in excess of $1.2 million rather than settling the claim with her own insurance company, the superior court judge had no authority under N.C.G.S. § 97-10.2(j) to "determine, in his discretion, the amount, if any, of the employer's lien and the amount of cost of the third-party litigation to be shared between the employee and employer." Under N.C.G.S. § 97-10.2(j), Mrs. Hieb could have settled with her UIM carrier for $475,000, the amount available under her UIM coverage. Had she done so, she could have applied to the superior court for a determination of the amount of the subrogation lien for the workers' compensation carrier. The court then, in its discretion, could have divided the sum of $475,000 between Mrs. Hieb and the workers' compensation carrier. Even after the jury verdict, Mrs. Hieb and her UIM carrier could have agreed on a settlement of the claim in the amount available under the UIM coverage, and the trial court would then have been authorized to determine the subrogation amount. However, having the court enter a judgment in the amount of the jury verdict essentially deprived Mrs. Hieb of access to any of the funds awarded to her by the jury which were available under her own insurance policy. I believe that such a result was not intended by the legislature in the enactment of N.C.G.S. § 97-10.2(j) or under Rule 60(b) of the North Carolina Rules of Civil Procedure. Accordingly, I cannot join the majority opinion.